UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Musolf and Christopher Dominquez-Feathers,<br><br>Plaintiffs,<br><br>v.<br><br>NRC Environmental Services, Inc.,<br><br>Defendant. | No. 2:20-cv-01387-KJM-CKD<br><br>ORDER |

In this action removed from state court, plaintiffs Matthew Musolf and Christopher Dominguez-Feathers assert defendant NRC Environmental Services, Inc. (NRC ES) committed seven wage and hour violations. NRC ES moves to compel arbitration of plaintiffs' claims and dismiss or stay the case pending arbitration. For the following reasons the court **grants** the motion and stays the proceedings.

I.  **JUDICIAL NOTICE**

NRC ES requests the court take judicial notice of a tentative ruling on the defendant's motion to compel arbitration in *Sullivan v. National Response Corporation*, No. 2018-00244757 (CA Super. Ct. Sacramento Cty. July 25, 2019), Req. for Judicial Notice Ex. 1, ECF No. 3-4,[1] and

---

[1] For clarity, in the court's citations to the tentative ruling in *Sullivan v. National Response Corporation* the court will use page numbers generated by the court's CM/ECF system.

1

the ruling in *Reynolds v. NRC Envtl. Servs. Inc.*, No. 20-5262, 2020 WL 6083112 (C.D. Cal. Aug. 24, 2020), Suppl. Req. for Judicial Notice Ex. 3, ECF 9-2. The documents "can be accurately and readily determined" by a source "whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). Therefore, the request is **granted**.

## II. BACKGROUND

National Response Corporation (NRC) is the parent company of National Response Corporation Payroll Management, LLC (NRC PM) and NRC ES. Kallunki Decl. ¶ 4, ECF No. 3-2. NRC PM employed both plaintiffs. *Id.* ¶ 4. All NRC entities utilize UltiPro, a human resources portal each employee accesses with a unique username and password. *Id.* ¶¶ 4–6. New employees use UltiPro "to review and acknowledge various policies . . . and engage in other activities as part of the onboarding process." Mem. at 7, , ECF No. 3-1 (citing Kallunki Decl. ¶¶ 4–6). On April 1, 2016, Dominguez-Feathers completed his onboarding paperwork. *Id.*; Opp'n 2–3, ECF No. 6. On May 23, 2017, Musolf did the same. Mem. at 7; Opp'n 2–3.

NRC ES contends human resources sent both plaintiffs a welcome email, to which the arbitration agreement entitled "Employee Acknowledgement and Arbitration Agreement" (Agreement) was attached. Agreement, Kallunki Decl. Ex. A–B, ECF No. 3-2. Dominuez-Feathers does not recall receiving the welcome email. Dominguez-Feathers Decl. ¶¶ 3–4, ECF No. 6-1. Musolf claims he never received the Agreement, Musolf Decl. ¶ 4, ECF No. 6-2, but also admits he did not read all the documents he received before starting work, *id*. ¶ 8. In the UltiPro portal, each plaintiff applied an electronic signature to the "Policies and Procedures Acknowledgment Form" (Acknowledgment). Acknowledgment, Kallunki Decl. Ex. C, ECF No. 3-2. The Acknowledgment states: "I hereby acknowledge that I have received a copy of the NRC Employee Handbook Acknowledgement and Agreement form. I hereby attest that I have read, understand and agree to be legally bound to the terms contained in it." *Id*.

In their complaint, initially filed in state court, plaintiffs brought claims for (1) Unfair Competition; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Pay Overtime Wages; (5) Waiting Time Penalties; and (6) Wage Statement Penalties. Notice of Removal ¶ 25, ECF No. 1; Compl. ¶¶ 24–59, Low Decl. Ex. 1, ECF No. 1-2. Musolf also

asserted a violation of California's Private Attorneys General Act ("PAGA"). Compl. ¶ 60–64. On July 9, 2020, NRC ES removed the action to this court. Notice of Removal, ECF No. 1.

NRC ES now moves to compel arbitration and dismiss or stay the action. Mot., ECF No. 3; Mem., ECF No. 3-1; Reply, ECF No. 9. Plaintiffs oppose, Opp'n, ECF No. 6, and the court submitted the matter without a hearing, Minute Order, ECF No. 7.

## III. LEGAL STANDARD

"Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). The party moving to compel arbitration bears the burden of showing each of these elements by a preponderance of the evidence. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). "A court may invalidate an arbitration agreement based on 'generally applicable contract defenses' like fraud or unconscionability, but not on legal rules that 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'" *Kindred Nursing Ctrs. Ltd. P'hip v. Clark*, ___ U.S. ___, 137 S. Ct. 1421, 1426 (2017) (quoting *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

## IV. ANALYSIS

First, in turning to whether the Agreement here is binding, the court notes the same form of agreement's incorporation by reference in an acknowledgment, and the method by which plaintiffs applied their electronic signatures to the acknowledgment, have all been found valid and enforceable by a judge of the Sacramento County Superior Court, Tentative Ruling in *Sullivan*, No. 2018-00244757, at 9–10, and one court in this circuit. *Reynolds*, 2020 WL 6083112, at *6–7. Having reviewed these decisions, the court agrees with their reasoning and finds the Agreement here exists and is binding. The court also agrees with both courts' findings that the Agreement is not unconscionable. *Reynolds*, 2020 WL 6083112, at *3, *6–8 (finding agreement with the same provisions as here and entered in same way as plaintiffs here is neither procedurally nor

substantively unconscionable under California contract law); Tentative Ruling in *Sullivan*, No. 2018-00244757, at 9 (finding agreement meets the requirements of *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal.4th 83 (2000), the California Supreme Court case establishing minimum requirements for enforceable employment arbitration agreements). Adopting the reasoning of these opinions, the court finds the Agreement here is not unconscionable.

Second, the Agreement covers the dispute in question, as it covers "all disputes that may arise out of or be related in any way to [plaintiff's] employment, including but not limited to . . . compensation." Agreement at 1. However, plaintiffs argue Musolf's representative PAGA claim is exempt from the arbitration agreement and the action should therefore be stayed. Opp'n at 9. There is no express PAGA waiver in the Agreement; rather the Agreement generally exempts "claims that are not subject to arbitration under current law," which would include PAGA claims. Agreement at 1; *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 388 (2014) (PAGA waivers are unenforceable). Through his PAGA claim, Musolf seeks "all applicable penalties, on behalf of himself and similarly situated employees, that may be recovered in addition to other damages pursuant to Labor Code § 2699 et seq." Compl. ¶ 64 & Prayer (seeking unpaid wages). NRC ES avers the PAGA claim is subject to individual arbitration because Musolf seeks unpaid wages by virtue of this claim. Reply at 11.

"[N]otwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). Under *Iskanian v. CLS Transportation Los Angeles, LLC*, PAGA claims are not arbitrable as claims "that can only be brought by the state or its representatives, where any resulting judgment is binding on the state and any monetary penalties largely go to state coffers." 59 Cal. 4th at 388. At the same time, "not all statutory remedies for Labor Code violations are 'civil penalties' recoverable in an employee's PAGA action." *ZB, N.A. v. Superior Ct.*, 8 Cal. 5th 175, 185 (2019). While claims for PAGA civil penalties are not subject to arbitration, claims for unpaid wages are because they are recoverable through private, individual civil action.

4

*Mandviwala v. Five Star Quality Care, Inc.*, 723 F. App'x 415, 417 (9th Cir. 2018) (unpublished) (citing *Iskanian*, 59 Cal. 4th at 388); *ZB, N.A.*, 8 Cal. 5th at 188 ("[A] close, contextual analysis of the statutory scheme reveals that the amount for unpaid wages referenced in section 558 is not part of that section's civil penalty and is not recoverable through a PAGA action. Instead . . . this part of a section 558 citation represents compensatory damages."). Because unpaid wages are not included in the civil penalties a party may obtain through PAGA, *ZB, N.A.*, 8 Cal. 5th at 182, Musolf's claim for unpaid wages is subject to arbitration. However, the portion of his PAGA claim seeking civil penalties is not arbitrable. Given the entanglement of the non-arbitrable PAGA claim for civil penalties with the other claims for damages, including in part a portion of the PAGA claim, the court stays the entire action here in the interests of efficiency, pending completion of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.22 (1983) ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket."); Opp'n at 9 (agreeing "Musolf's PAGA claim must be stayed pending resolution of Musolf's non-PAGA claims if the court compels Musolf to arbitrate his individual claims").

**V.    CONCLUSION**

The court **grants** the motion to compel arbitration and stays this case pending completion of arbitration. The parties shall notify the court within seven (7) days of completing arbitration. Accordingly, the Status (Pretrial Scheduling) Conference set for May 6, 2021 is vacated.

This order resolves ECF No. 3.

IT IS SO ORDERED.

DATED: April 28, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

5